UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MENUCHA ROCHEL TENENBAUM,

                Plaintiff,

-against-

HERITAGE EQUITY HOLDINGS, LLC, THE WILLIAMSBURG HOTEL BK, LLC, and MICHAEL LICHTENSTEIN,

                Defendants.

Docket No. 1:21-CV-05781

**ANSWER**

Heritage Equity Holdings, LLC ("Heritage"), The Williamsburg Hotel BK, LLC ("Williamsburg Hotel") and Michael Lichtenstein ("Lichtenstein") (collectively "Defendants") by their attorneys FordHarrison LLP, as and for their Answer to the Complaint filed by Menucha Rochel Tenenbaum ("Plaintiff"), respond as follows:

## JURISDICTION AND VENUE

1. Paragraph "1" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit Plaintiff purports to establish jurisdiction as set forth therein.

2. Paragraph "2" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit Plaintiff purports to establish venue as set forth therein.

## PARTIES

3. Defendants admit the allegations set forth in paragraph "3" of the Complaint.

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint.

1

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit Lichetenstein is President of Heritage.

6. Defendants deny the allegations set forth in paragraph "6" of the Complaint.

**FACTS**

7. Defendants deny the allegations set forth in paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in paragraph "8" of the Complaint.

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint.

10. Defendants deny the allegations set forth in paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny the allegations set forth in paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint.

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff emailed a complaint to Williamsburg Hotel's human resources department on May 18, 2021.

37. Defendants deny the allegations set forth in paragraph "37" of the Complaint, except admit that Miriam Gross ("Gross") spoke with Plaintiff via telephone on May 19, 2021.

38. Defendants deny the allegations set forth in paragraph "38" of the Complaint, except admit that Gross called Plaintiff via telephone on May 21, 2021.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint, except admit that Gross sent Plaintiff a text message on May 23, 2021.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint, except admit Plaintiff's counsel contacted Gross on May 31, 2021.

48. Defendants deny the allegations set forth in paragraph "48" of the Complaint, except admit that Plaintiff was a seasonal intern and was advised that her internship would conclude as of June 4, 2021.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Title VII of the Civil Rights Act of 1964,**
**42 U.S.C. §§ 2000e, *et seq*. – Discrimination**
**Against the Corporate Defendants.)**

50. Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "49", as if said statements were repeated herein at length in response to paragraph "50" of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Title VII of the Civil Rights Act of 1964,**
**42 U.S.C. §§ 2000e, *et seq*. – Retaliation**
**Against the Corporate Defendants.)**

55.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "54", as if said statements were repeated herein at length in response to paragraph "55" of the Complaint.

56.     Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57.     Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58.     Defendants deny the allegations set forth in paragraph "58" of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(New York State Human Rights Law ("NYSHRL"),**
**N.Y. Exec. L. §§ 290 et seq. – Gender Discrimination)**

59.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "58", as if said statements were repeated herein at length in response to paragraph "59" of the Complaint.

60.     Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61.     Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.     Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63.     Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64.     Defendants deny the allegations set forth in paragraph "64" of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(New York State Human Rights Law ("NYSHRL"),**
**N.Y. Exec. L. §§ 290 et seq. – Retaliation)**

65.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "64", as if said statements were repeated herein at length in response to paragraph "65" of the Complaint.

66.     Defendants deny the allegations set forth in paragraph "113" of the Complaint.

67.     Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68.     Defendants deny the allegations set forth in paragraph "68" of the Complaint.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in paragraph "70" of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**(New York City Human Rights Law ("NYCHRL") – Gender Discrimination)**

71. Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "70", as if said statements were repeated herein at length in response to paragraph "71" of the Complaint.

72. Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73. Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74. Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in paragraph "75" of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**(New York City Human Rights Law ("NYCHRL") – Retaliation)**

76. Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "75", as if said statements were repeated herein at length in response to paragraph "76" of the Complaint.

77. Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79. Defendants deny the allegations set forth in paragraph "79" of the Complaint.

**SEVENTH CLAIM FOR RELIEF**
**(Common Law Battery)**
**(Brought by Plaintiff against Defendant Lichtenstein)**

80. Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "79", as if said statements were repeated herein at length in response to paragraph "80" of the Complaint.

81. Defendants deny the allegations set forth in paragraph "81" of the Complaint.

82. Defendants deny the allegations set forth in paragraph "82" of the Complaint.

83. Defendants deny the allegations set forth in paragraph "83" of the Complaint.

## AS TO THE PRAYER FOR RELIEF

84. Defendants deny the allegations and claims contained in Plaintiff's "PRAYER FOR RELIEF", including subsections (A)-(C) thereof.

## AS TO THE JURY DEMAND

85. Defendants admit that Plaintiff demands a jury trial, but deny that Plaintiff has stated a claim for relief upon which a jury trial should be held and otherwise deny all allegations.

## ADDITIONAL AVERMENTS

86. Defendants deny all claims and allegations not unequivocally admitted herein.

\* \* \*

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

## AS AND FOR A FIRST DEFENSE

87. Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and law.

## AS AND FOR A SECOND DEFENSE

88. Any and all tangible employment actions affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

## AS AND FOR A THIRD DEFENSE

89. Even if Plaintiff is entitled to recover damages, which Defendants expressly deny, Plaintiff may be barred or limited from recovering damages based on her failure to mitigate said damages.

## AS AND FOR A FOURTH DEFENSE

90. Any injuries suffered by Plaintiff are due, in whole or in part, to her own actions.

## AS AND FOR A FIFTH DEFENSE

91. The Complaint is barred, in whole or in part, by Plaintiff's failure to properly perform all conditions precedent to suit, including without limitation, failure to timely exhaust administrative remedies.

## AS AND FOR A SIXTH DEFENSE

92. Plaintiff's claims are barred, in whole or in part, because she was not an employee.

## AS AND FOR A SEVENTH DEFENSE

93. Plaintiff's claims are barred in whole or in part because she failed to follow Defendants' complaint procedures.

## AS AND FOR AN EIGHTH DEFENSE

94. Defendants conducted their practices in good faith and in accordance with all applicable statutes and regulations with regard to Plaintiff. Defendants have not acted in bad faith or willfully or otherwise violated Plaintiff's rights in any manner or acted maliciously with respect to any aspect of the events underlying the Complaint.

## AS AND FOR A NINTH DEFENSE

95. Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory conduct in the workplace. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

## AS AND FOR A TENTH DEFENSE

96. The conduct complained of by Plaintiff consists of nothing more than what a reasonable person would consider "petty slights and trivial inconveniences."

## AS AND FOR AN ELEVENTH DEFENSE

97. Plaintiff's claims are frivolous and groundless and known by Plaintiff to be frivolous and groundless and without foundation in fact or law. Further, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

### AS AND FOR A TWELFTH DEFENSE

98. Even if Plaintiff is entitled to recover damages, which Defendants expressly deny, Plaintiff may be barred or limited from recovering damages based on the doctrine of after-acquired evidence.

### AS AND FOR A THIRTEENTH DEFENSE

99. Some or all of Plaintiff's injuries are or may be due, in whole or in part, to the actions of third parties over whom Defendants had no control.

### AS AND FOR A FOURTEENTH DEFENSE

100. Costs or damages alleged to be incurred in the future may not be recovered as they are remote, speculative, contingent and incapable of calculation.

### AS AND FOR A FIFTEENTH DEFENSE

101. Plaintiff's claims against Lichtenstein are barred, in whole or in part, because he did not encourage, condone, approve or participate in any allegedly discriminatory or retaliatory conduct.

### AS AND FOR A SIXTEENTH DEFENSE

102. Plaintiff's claims are barred, in whole or in part, because she failed to engage in protected activity.

### AS AND FOR A SEVENTEENTH DEFENSE

103. Plaintiff's claims are barred, in whole or in part, because she cannot establish that an adverse or tangible employment action was taken by Defendants against her.

## AS AND FOR AN EIGHTEENTH DEFENSE

104. Plaintiff cannot establish a causal connection between her exercise of statutory rights and any adverse employment action or a change in the terms and conditions of her employment.

## AS AND FOR A NINETEENTH DEFENSE

105. Plaintiff cannot establish that Defendants' legitimate, non-discriminatory and non-retaliatory reasons for their conduct were a pretext for discrimination or retaliation.

## AS AND FOR A TWENTIETH DEFENSE

106. Lichtenstein did not commit any offensive bodily contact with Plaintiff nor did he otherwise touch Plaintiff.

## AS AND FOR A TWENTY-FIRST DEFENSE

107. Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

## AS AND FOR A TWENTY-FIRST DEFENSE

108. Plaintiff is not entitled to punitive damages.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer as during the course of this litigation. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, having fully answered Plaintiff's allegations, Defendants respectfully request the dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorney's fees incurred in the defense of this action, and such other and further relief as the Court deems just and proper.

Dated: January 21, 2022
    New York, New York                      Respectfully Submitted,

**FORDHARRISON LLP**

By:    s/ *Bran C. Noonan*
        Bran C. Noonan, Esq.
        Philip K. Davidoff, Esq.
        *Attorneys for Defendants*
        366 Madison Avenue, 7th Floor
        New York, NY 10017
        Tel: 212-453-5900
        Fax: 212-453-5959
        bnoonan@fordharrison.com
        awilliamson@fordharrison.com

cc: All Counsel of Record (*via* ECF)